WELSH v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 5, 1904.)

1. STREET RAILROADS—PERSONS ON TRACKS—INJURIES—NEGLIGENCE—EVIDENCE
—SUFFICIENCY.

In an action against a street railway company for injuries to a pedestrian, evidence held insufficient to show any negligence on the part of defendant.

Appeal from City Court of New York, Trial Term.

Action by Julia Welsh against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and LEVENTRITT and GREENBAUM, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Louis Steckler, for respondent.

LEVENTRITT, J. This judgment must be reversed because the plaintiff failed to show any negligence on the part of the defendant.

The plaintiff was struck by a south-bound car while attempting to cross Second avenue from west to east at its intersection with 103d street. She testified that as she stepped off the curb she looked up and saw a car at 104th street. Her sole corroborating witness testified that the car was then about halfway between 103d and 104th streets. She thought she could cross, and did not look again. The car struck her just as she had begun to cross the downtown track. Unless we are prepared to hold that the mere occurrence of the accident imputes neg-

ligence to the defendant and casts upon it the duty to explain, there is nothing to uphold the judgment. The plaintiff gives no evidence of the speed of the car, no evidence as to where the car was when she stepped on the track, no evidence as to the failure of the motorman to ring the bell, or as to any act or omission on his part. Her sole witness testifies that the car "was right on her" as she stepped on the track. The plaintiff's testimony does not fill the gaps in her own case, and the judgment must therefore be reversed, and a new trial ordered, costs to the appellant to abide the event. All concur.